**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION #99; ALLEN P. DURAND, et al., TRUSTEES; and THE RHODE ISLAND AND SOUTHEAST MASSACHUSETTS CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION | : | CA 05 042T |
| Plaintiffs | : | |
| v. | : | CA. NO. |
| ADVANCED NETWORK TECHNOLOGY CORPORATION; RONALD BARTONE | : | |
| Defendants | : | |

# COMPLAINT

## PARTIES

1. Plaintiff, International Brotherhood of Electrical Workers Local Union #99 ("Local 99") is the exclusive bargaining representative for certain employees of Defendants, and as such, is a labor organization representing employees in an industry affecting commerce as defined in Sections 501(1), (3), & 2(5) of the *Labor Management Relations Act of 1947* ("LMRA") (29 U.S.C.S. §142(1), (3) & 152(5)) and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185). Local 99 administers the *Local 99 Dues Fund*, the *Local 99 Building Fund*, and the *Local 99 P.A.C. Fund* (the "Local 99 Funds"), and brings this action in its capacity as administrator of the Local 99 Funds on behalf of said Local 99 Funds. Local 99 maintains its principal offices at Ninety-Nine Way, in the City of Cranston, State of Rhode Island.

2. Plaintiffs Allen P. Durand, et al., Trustees ("Trustees"), are the trustees of the *Local 99 Health and Welfare Trust Fund*, the *Local 99 Retirement Trust Fund*, the *Local 99 Annuity Trust Fund*, and the *Local 99 Joint Apprenticeship and Training Trust Fund* (the "Local 99 Benefit Trust Funds"), each of which Trust Funds is governed by the provisions of the *Employee Income Security Act of 1974* ("ERISA") and other applicable federal laws. The Trustees bring this action in their capacities as trustees on behalf of the Local 99 Benefit Trust Funds.

(1)

3. Plaintiff, Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), is an organization formed for the purpose of protecting the rights of and bargaining for certain electrical contractors who employ electrical union members. NECA administers the Rhode Island and Southeast Massachusetts jurisdiction of the *National Electrical Benefit Fund* and the *Rhode Island Labor Management Cooperative Committee Fund* (the "NECA-administered Funds") and brings this action in its capacity as administrator of the NECA-administered Funds on behalf of said Funds. NECA maintains its principal offices at 779 Park Avenue, in the City of Cranston, State of Rhode Island.

4. Defendant, Advanced Network Technology Corporation ("Advanced") is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 477 South Road, in the Town of Wakefield, State of Rhode Island. At all times herein relevant, Defendant Advanced was a party to a Collective Bargaining Agreement with Local 99 obligating Advanced to make contributions on behalf of certain of its employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, and thus Advanced was and is an employer in an industry affecting commerce, as defined in Sections 501(1), (3), & 2(2) of the LMRA (29 U.S.C.S. §142 (1), (3) & 152 (2)), and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185).

5. Defendant Ronald Bartone ("Bartone") is a resident of the State of Rhode Island and, based upon information, is the President of Defendant Advanced. Bartone is sued in his capacity as the President of Defendant Advanced, and is sued personally.

## JURISDICTION

6. This action arises under, and jurisdiction is conferred upon this Court, by virtue of Section 502 of ERISA (29 U.S.C.S. §1132) and Section 301 of the LMRA (29 U.S.C.S. §185).

## COUNT I
### Breach of Duty Under the Collective Bargaining Agreement and Section 515 of ERISA (29 U.S.C.S. §1145)

7. Plaintiffs incorporate paragraphs 1 through 6 as though fully set forth herein.

8. At all times relevant hereto, Local 99 and Advanced have been parties to and operated under a Collective Bargaining Agreement whereby Local 99 acts as the bargaining agent for Advanced employees who are members of Local 99, and whereby Advanced was obligated to make contributions on behalf of such employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

9. Some or all of the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds were established pursuant to and are employee benefit funds administered in accordance with Section 302 of the LMRA (29 U.S.C.S. §186) and Section 402

of ERISA (29 U.S.C.S. §1102).

10. The Defendant Advanced has become severely delinquent in various amounts that it owes to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds under the Collective Bargaining Agreement. The following is a summary of the *principal* amounts only, *excluding interest*, of the delinquent contributions owed by the Defendant Advanced:

| | | |
|---|---|---|
| • approximately ... | **$18,772.56** | **to the H&W Fund;** |
| • approximately ... | **$4,181.55** | **to the Pension Fund;** |
| • approximately ... | **$5,037.12** | **to the Annuity Fund;** |
| • approximately ... | **$804.89** | **to the JATC Fund;** |
| • approximately... | **$2,414.67** | **to the NEBF;** |
| • approximately... | **$412.11** | **to the RILMCC;** |
| • approximately ... | **$3,078.71** | **to the Local 99 Dues Fund;** |
| • approximately ... | **$804.89** | **to the Local 99 Building Fund; and** |
| • approximately ... | **$206.04** | **to the Local 99 P.A.C. Fund;** |
| **• Total principal amount due...** | | **approximately $35,712.54** |

(See ***Exhibit "A"*** attached hereto for a more detailed accounting of several of the above-listed delinquent amounts).

11. Pursuant to the Collective Bargaining Agreement and the Plaintiff Trustees' *Delinquent Contribution Collection Policy*, Advanced is also obligated to pay to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, interest accrued on the above-stated delinquent contribution amounts, as well as applicable collection and litigation costs and expenses.

12. Thus, the Defendant Advanced has breached its duties under the Collective Bargaining Agreement and under Section 515 of ERISA (29 U.S.C.S. §1145) by failing to make all of its obligatory employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, and the Defendant Advanced thereby owes the above-stated amount plus accrued interest and applicable collection and litigation costs and expenses.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $35,712.54, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy.*

(2) Any such other relief that the Court deems just and proper.

**COUNT II**
**Breach of Fiduciary Duty Under Section 409 of ERISA**
**(29 U.S.C.S. §1109)**

13. Plaintiffs incorporate paragraphs 1 through 12 as if fully set forth herein.

14. The Defendant Advanced has breached its fiduciary duties under Section 409 of ERISA (29 U.S.C.S. §1109) by failing to make contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds as required by the Collective Bargaining Agreement.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $35,712.54, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT III**
**The Defendant Bartone is the Alter Ego of Defendant Advanced**

15 Plaintiffs incorporate paragraphs 1 through 14 as if fully set forth herein.

16. Defendant Bartone, as the President and thus the sole officer, director and/or shareholder of Defendant Advanced is the Defendant Advanced's "controlling corporate official" and is also the corporation's alter ego for the purpose of the Collective Bargaining Agreement because Bartone has the requisite control over the day-to-day actions of the corporation, can make decisions regarding payment of liabilities, and continued to operate Advanced despite financial adversity leading to its failure to make the employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

17. As evidence of his status as Advanced's alter ego, in and around 2002 Defendant Bartone executed a "Letter of Assent" to the Local 99 Collective Bargaining Agreement on behalf of Defendant Advanced, thereby obligating Advanced to all of the terms and conditions set forth in said Agreement, including the obligation to tender timely employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

(See ***Exhibit "B"*** attached hereto for a copy of said Letter of Assent).

18. The corporate veil of Defendant Advanced is a sham because Defendant Bartone has not complied with the requisite corporate formalities, such as failing to adequately capitalize

the company, failure to maintain corporate records, nonpayment of dividends and consistent gross insolvency.

19. Defendant Bartone never had, and does not have now, any genuine or separate existence from Defendant Advanced. The corporation is merely a facade for the actions of Defendant Bartone. The interests of justice compel that the corporate veil be pierced.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $35,712.54, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

## COUNT IV
## Defendant Bartone qualifies as an "Employer" Within the Meaning of ERISA

20. Plaintiffs incorporate paragraphs 1 through 19 as if fully set forth herein.

21. Defendant Bartone acted and continues to act as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)). As such, he is jointly and severally liable for any and all obligations of the Defendant Advanced under the Collective Bargaining Agreement.

22. As evidence of his status as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)), in and around 2002 Defendant Bartone executed a "Letter of Assent" to the Local 99 Collective Bargaining Agreement on behalf of Defendant Advanced, thereby obligating Advanced to all of the terms and conditions set forth in said Agreement, including the obligation to tender timely employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

(See ***Exhibit "B"*** attached hereto for a copy of said Letter of Assent).

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $35,712.54, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT V**
**Breach of the Duty of Good Faith Under Section 8(a)(5) of the LMRA**
**(29 U.S.C.S. §158 (a)(5))**

23. Plaintiffs incorporate paragraphs 1 through 22 as if fully set forth herein.

24. Local 99 has requested information from each of the Defendants concerning their employees, which information is necessary to properly and effectively represent its bargaining unit members.

25. Defendants have failed to adequately respond to said request for information. Such failure violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

26. Defendants' failure to tender timely contributions to the to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds as required by the Collective Bargaining Agreement also violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $35,712.54, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**Dated:** Jan 10, 2005

Plaintiffs,
By Their Attorneys,

[signature]

Jeffrey M. Gibson (#3046)
RODIO & URSILLO, LTD.
86 Weybosset Street
Providence, RI 02903
(401) 331-6400

# *EXHIBIT "A"*

# ADVANCED NETWORK TECH

| DATE | HOURS | GROSS | HEALTH | PENSION | ANNUITY | JATC | DUES | BLDG | PAC | RILMCC | NEBF | AMF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OCTOBER | 893.00 | 16,942.20 | 4,067.79 | 934.88 | 1,127.17 | 169.42 | 648.04 | 169.42 | 44.65 | 89.30 | 508.27 | |
| [illegible]EMBER | 894.00 | 17,795.45 | 4,072.35 | 973.34 | 1,257.74 | 177.95 | 680.68 | 177.95 | 44.70 | 89.40 | 533.86 | |
| DECEMBER | 886.50 | 17,042.72 | 4,038.18 | 869.71 | 1,014.66 | 170.43 | 651.88 | 170.43 | 44.33 | 88.65 | 511.28 | |
| JANUARY | 1,447.63 | 28,708.66 | 6,594.24 | 1,403.62 | 1,637.55 | 287.09 | 1,098.11 | 287.09 | 72.36 | 144.76 | 861.26 | |
| **TOTAL** | **4,121.13** | **80,489.03** | **18,772.56** | **4,181.55** | **5,037.12** | **804.89** | **3,078.71** | **804.89** | **206.04** | **412.11** | **2,414.67** | - |

| | |
|---|---|
| **DUE LOCAL** | **32,885.76** |
| | |
| **DUE NECA** | **2,826.78** |

4-Feb-04

# *EXHIBIT "B"*

# LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize[1] R.I. And Southeast Mass Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved[2] Tele-data labor agreement between the [1] R.I. and Southeast Mass Chapter, NECA and Local Union[3] 99, IBEW. In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the[4] 27th day of February, 2002. It shall remain in effect until terminated by the undersigned employer giving written notice to the [1] R.I. and Southeast Mass Chpater, NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

ADVANCED NETWORK TECHNOLOGY, INC.
[5] Name of Firm

752 POST ROAD
Street Address/P.O. Box Number

WAKEFIELD, RI 02879
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No.: 05-0507306

APPROVED
INTERNATIONAL OFFICE - I.B.E.W.
MAR 15 2002
Edwin D. Hill, President
This approval does not make the International a party to this agreement.

SIGNED FOR THE EMPLOYER

BY[7] [signature]
(original signature)

NAME[8] RONALD J. BARTONE

TITLE/DATE President/ 2/27/02

SIGNED FOR THE UNION[3] 99, IBEW

BY[7] [signature]
(original signature)

NAME[8] THOMAS J. LYNCH

TITLE/DATE BUSINESS MANAGER/FINANCIAL SECRETARY 2/27/02

INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION
Insert Local Union Number.

[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES

[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.

IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.